IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOU TYLER,<br><br>    Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, AND OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | No. 3:19-cv-03007-C-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure action is a Rule 12(b)(6) motion to dismiss (ECF No. 7) filed by Defendants PHH Mortgage Corporation (PHH), Deutsche Bank National Trust Company (Deutsche Bank), and Ocwen Loan Servicing, LLC (Ocwen and collectively, "Defendants"). For the reasons stated, the Court should GRANT Defendants' motion and DIMISS Plaintiff's claims against them with prejudice.

**Background**

This action arises out of foreclosure proceedings concerning Plaintiff's home on Reitz Drive, in Cedar Hill, Texas (the "Property"). Notice 2 (ECF No. 1). This is Plaintiff's sixth lawsuit against Ocwen and Deutsche Bank relating to the Property's foreclosure. *Tyler v. Ocwen Loan Servs., LLC, et al.*, 3:15-cv-971-M-BK; *Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:15-cv-1117-N-BK; *Tyler v. Ocwen Loan*

1

*Servicing, LLC, et al.*, 3:16-cv-1698-L-BF; *Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:16-cv-1836-G-BF; *Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:16-cv-2452-G-BK.

Plaintiff filed her first lawsuit in federal court on March 27, 2015, "alleging claims against Defendants Ocwen and Deutsche Bank for breach of contract[ ] and violating the statute of limitations to foreclose on the Property." Mot. 7; Mot. App. 5-8 (ECF No. 8); Compl. (ECF No. 3), *Tyler*, 3:15-cv-971-M-BK (N.D. Tex. Mar. 27, 2015). However, Plaintiff had filed a duplicate lawsuit in state court on March 19, 2015, which Ocwen and Deutsche Bank removed to federal court. Mot. App. 13; Notice (ECF No. 1), *Tyler*, 3:15-cv-1117-N-BK (N.D. Tex. Apr. 13, 2015). In her March 19, 2015 suit, Plaintiff brought claims for "(1) predatory lending, (2) mortgage fraud, (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), (4) robo-signing, and (5) breach of contract"—"[i]n essence, . . . disput[ing] Defendants' ability to foreclose on her home" because "the action [was] barred by the statute of limitations and . . . Defendants fraudulently breached the parties' contract and Defendants' duty of good faith and fair dealing." FCR 1-2 (ECF No. 16), *Tyler*, 3:15-cv-1117-N-BK (N.D. Tex. July 30, 2015). Accordingly, Judge Lynn dismissed Plaintiff's March 27, 2015 lawsuit without prejudice on May 8, 2015, as duplicative of Plaintiff's pending March 19, 2015 lawsuit. Mot. App. 11; Judgment (ECF No. 21), *Tyler*, 3:15-cv-971-M-BK (N.D. Tex. May 8, 2015). And Judge Godbey later dismissed Plaintiff's March 19, 2015 lawsuit and accepted the magistrate judge's recommendation stating that Plaintiff's "RESPA, breach of contract, and quiet title claims include only conclusory allegations and lack factual support" and that her "allegations of predatory lending, robo-signing and good faith and fair dealing do not present cognizable claims and . . . fail as a matter

of law." FCR 8 (ECF No. 16), *Tyler*, 3:15-cv-1117-N-BK; Mot. App. 26; Judgment (ECF No. 21), *Tyler*, 3:15-cv-1117-N-BK (N.D. Tex. Sept. 15, 2015).

Next on June 22, 2016, Plaintiff filed another lawsuit requesting the court reconsider its prior judgment and alleging claims against Defendants for "harassment, false or misleading representations, unfair practices, illegal attempt to foreclose, deceptive practices, violations of [RESPA], and violations of recommendations made by courts, agencies, and legal institutions." FCR 1 (ECF No. 8), *Tyler*, 3:16-cv-1698-L-BF (N.D. Tex. July 19, 2016); Mot. App. 28-33; Compl. (ECF No. 3), *Tyler*, 3:16-cv-1698-L-BF (N.D. Tex. June 22, 2016). Judge Lindsay accepted the magistrate judge's recommendation that Plaintiff's claims were barred by res judicata and dismissed that case with prejudice. Order (ECF No. 9), *Tyler*, 3:16-cv-1698-L-BF (N.D. Tex. Aug. 16, 2016); Judgment (ECF No. 10), *Tyler*, 3:16-cv-1698-L-BF (N.D. Tex. Aug. 16, 2016). Plaintiff appealed the District Court's determination that her appeal was not taken in good faith and reasserted her claims that foreclosure on the Property would be improper, but the Fifth Circuit dismissed her appeal as frivolous. *Tyler v. Ocwen Loan Servicing, L.L.C.*, 699 F. App'x 423, 424 (5th Cir. 2017) (per curiam); Mot. App. 54-57.

On June 27, 2016, Plaintiff filed a petition against Defendants in the 193rd District Court of Dallas County, Texas, which Defendants removed the next day. Notice (ECF No. 1), *Tyler*, 3:16-cv-1836-G-BF (N.D. Tex. June 28, 2016). In that action, Plaintiff asserted claims for "harassment, unfair and misleading practices, deceptive practices, and non-validation of debt," and claimed that "foreclosure on the Property would be improper because Defendants are barred from enforcing their lien

3

interest by the statute of limitations." *Id.* 2 (citing Pet., Ex. 5 (ECF No. 1-1), *Tyler*, 3:16-cv-1836-G-BF (N.D. Tex. June 28, 2016)). Judge Fish accepted the magistrate judge's recommendation and dismissed Plaintiff's claims with prejudice as barred by res judicata. FCR (ECF No. 6), *Tyler*, 3:16-cv-1836-G-BF (N.D. Tex. July 20, 2016); Order (ECF No. 7), *Tyler*, 3:16-cv-1836-G-BF (N.D. Tex. Aug. 10, 2016); Judgment (ECF No. 8), *Tyler*, 3:16-cv-1836-G-BF (N.D. Tex. Aug. 10, 2016).

Then on August 23, 2016, Plaintiff filed yet another lawsuit requesting the "Courts . . . require [Defendants] to 'show [her] the Original note" because her "note ha[d] been bundled and declared slime and sub-prime so many times; 'flipped, and dipped, and ripped and skipped and dipped' by numerous companies that [she claimed] the real note . . . ha[d] been 'LOST OR DESTROYED.'" Mot. App. 59; Compl. (ECF No. 3), *Tyler*, 3:16-cv-2452-G-BK (N.D. Tex. Aug. 23, 2016). Judge Fish dismissed Plaintiff's case with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B). Mot. App. 63; Judgment (ECF No. 12), *Tyler*, 3:16-cv-2452-G-BK (N.D. Tex. Oct. 5, 2016). Plaintiff again appealed, but the Fifth Circuit denied her motion for leave to proceed IFP, dismissed her appeal as frivolous, and cautioned her "that future frivolous or repetitive filings in this court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court or any court subject to this court's jurisdiction." *Tyler v. Ocwen Loan Servicing, L.L.C.*, 710 F. App'x 221, 221 (5th Cir. 2018) (per curiam). Plaintiff then filed a petition for a writ of certiorari, which the United States Supreme Court denied. *Tyler v. Ocwen Loan Servicing, LLC*, 139 S. Ct. 574, 574 (2018); Mot. App. 68.

4

On November 19, 2019, Plaintiff filed the present suit in the 95th District Court of Dallas County, Texas. Original Pet. (ECF No. 1-4). Defendants subsequently removed Plaintiff's lawsuit, which they contend Plaintiff filed to stop the December 3, 2019 foreclosure sale of the Property, to federal court. Notice 6. In her Original Petition, Plaintiff appears to assert claims against Defendants for "violating the statute of limitations on foreclosure, fraud, violating the Fair Debt Collections Practices Act, and violating the Fair Credit Reporting Act in an attempt to preclude Defendants from exercising their right to foreclose on the Property." Mot. 8; Original Pet. 4, 10, 12.

Accordingly, Defendants filed their motion to dismiss, arguing Plaintiff's claims are barred by res judicata. Mot. 10. The Court granted Plaintiff two extensions of time to respond to Defendants' motion and advised that her response was due April 30, 2020. Order (ECF No. 11); Order (ECF No. 13). On April 28, 2020, Plaintiff filed a "Motion Not to Dismiss my Lawsuit Against Defendants Due to My Home Falls Under the 4 Year Statute of Limitations," which the Court construed as Plaintiff's Response. Resp. (ECF No. 14); Order (ECF No. 15). Defendants filed a reply, and Plaintiff filed a surreply[1], which appears to be an exact duplicate of Defendants' Reply. Reply (ECF No. 16); Surreply (ECF No. 17). Thus, Defendants' motion is ripe for determination.

---

[1]Plaintiff filed a surreply without the Court's leave. Therefore, even if Plaintiff's Surreply were not an exact duplicate of Defendants' Reply, the Court would not "consider[ ] the surreply because the local civil rules do not permit a surreply to be filed without leave of court." *Theller v. US Bank Nat'l Ass'n*, 2019 WL 7038360, at *1 n.2 (N.D. Tex. Dec. 19, 2019) (Fitzwater, J.) (citing N.D. Tex. L. Civ. R. 7.1(f) (allowing reply to be filed but not providing for surreply to be filed)).

## Legal Standard

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive Defendants' motion to dismiss, therefore, Plaintiff's Original Petition must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556-57).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005)). Therefore, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9 (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Defendants attached to their motion filings, orders, and judgments from Plaintiff's previous lawsuits, as well as a copy of the April 24, 2004 Texas Home Equity Security Instrument. Mot. App. These documents may be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; Fed. R. Evid. 201(b)(2).

**Analysis**

Defendants argue Plaintiff's claims should be dismissed because (1) res judicata bars Plaintiff from relitigating her claims; (2) her claims fail as a matter of law; and, (3) since Plaintiff fails to state any claim, she is not entitled to injunctive relief. Mot. 10-16. Plaintiff does not respond to any of Defendants' arguments. *See* Resp. Because res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," the Court addresses

7

Defendants' res-judicata argument first. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

Defendants contend res judicata bars Plaintiff's claims because she has filed multiple unsuccessful lawsuits against them concerning foreclosure proceedings related to the Property. *See* Mot. 11-13. Res judicata is not expressly listed as a defense that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes it as an affirmative defense. Fed. R. Civ. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 8(c), 12(b)). But "when a successful affirmative defense appears on the face of the pleadings," and matters the Court may judicially notice are available, "dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)); *accord Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."). Because res judicata is an affirmative defense, Defendants bear the burden to plead and prove it. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense. Ordinarily, it is incumbent on the defendant to plead and prove such a defense, and we have never recognized claim preclusion as an exception to that general rule." (citations omitted)).

"Claim preclusion, or *res judicata,* bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163

8

F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citation omitted).

The first element of res judicata requires the parties to be identical or in privity. *Hous. Pro. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). Parties are identical or in privity when both parties to the current litigation were parties to the prior litigation or in privity with parties to the prior litigation. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1341 (5th Cir. 1996) (citing *Coal. of Cities for*

*Affordable Util. Rates v. Pub. Util. Comm'n,* 798 S.W.2d 560, 563 (Tex. 1990)) (analyzing the elements of res judicata under Texas law, which are the same as the federal elements); *see also Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 473 (5th Cir. 2013) (per curiam). Plaintiff has filed at least five prior lawsuits involving identical parties or parties in privity with identical parties that preclude her present claims.

As set forth above, this is Plaintiff's sixth lawsuit against Ocwen and Deutsche Bank concerning foreclosure proceedings related to the Property. *See Tyler*, 3:15-cv-971-M-BK; *Tyler*, 3:15-cv-1117-N-BK; *Tyler*, 3:16-cv-1698-L-BF; *Tyler*, 3:16-cv-1836-G-BF; *Tyler*, 3:16-cv-2452-G-BK. The only new party to this lawsuit is PHH; however, Deutsche Bank is in privity with PHH. "Privity" with respect to res judicata, "is recognized as a broad concept, which requires [the Court] to look to the surrounding circumstances to determine whether claim preclusion is justified." *Russell v. SunAm. Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). In itself, "the term privity . . . does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.*" Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) (quoting Allan D. Vestal, *Preclusion/Res Judicata Variables: Parties*, 50 Iowa L. Rev. 27 (1964)). Specifically,

> [a] non-party is in privity with a party for res judicata purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the prior litigation; or (3) if the party adequately represented his interests in the prior proceeding.

*Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) (citing *Benson & Ford, Inc. v. Wanda Petroleum,* 833 F.2d 1172, 1174 (5th Cir. 1987); *Sw. Airlines Co.*, 546 F.2d at 95)).

Here, Defendants state "PHH . . . is in privity with Deutsche Bank as servicer." Mot. 11 n.14. Plaintiff does not dispute that PHH is the loan servicer. *See* Original Pet.; Resp. "[T]he relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata." *Bellot v. Wells Fargo Bank, N.A.*, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014) (citing *Maxwell*, 544 F. App'x at 473). Because federal courts have deemed non-parties succeeding a party's interest in property and non-parties whose interests were adequately represented by an original party sufficiently close relationships to be in privity with the original parties, the Court concludes PHH is in privity with Deutsche Bank.[2] *See Sw. Airlines Co.*, 546 F.2d at 95 (citations omitted); *see also Davis v. Ocwen Loan Servicing LLC*, 2020 WL 1910137, at *5 (N.D. Tex. Jan. 27, 2020) (citing *Russell*, 962 F.2d at 1174) (finding mortgagee and servicer are in privity), *adopted by* 2020 WL 880855 (N.D. Tex. Feb. 24, 2020). Therefore, Plaintiff's present lawsuit involves identical parties, or parties in privity with identical parties, to her five previous lawsuits. Because PHH and Deutsche Bank are in privity, the Court

---

[2] Additionally, in the alternative, Plaintiff has not pleaded any factual allegations against PHH—PHH only appears in the Original Petition's caption. *See* Original Pet. Accordingly, Plaintiff fails to state any claim against PHH, and PHH is entitled to dismissal on this ground as well. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

need not consider whether Ocwen and PHH are also in privity. Accordingly, the first element is satisfied.

The second element of res judicata requires that a court of competent jurisdiction rendered the prior actions' judgments. *Comer*, 718 F.3d at 467 (citation omitted). The United States District Court for the Northern District of Texas, a court of competent jurisdiction, had jurisdiction over and rendered judgment in all five prior actions. Judgment (ECF No. 21), *Tyler*, 3:15-cv-971-M-BK; Judgment (ECF No. 21), *Tyler*, 3:15-cv-1117-N-BK; Judgment (ECF No. 10), *Tyler*, 3:16-cv-1698-L-BF; Judgment (ECF No. 8), *Tyler*, 3:16-cv-1836-G-BF; Judgment (ECF No. 12), *Tyler*, 3:16-cv-2452-G-BK. Accordingly, the second element is satisfied.

The third element of res judicata requires the prior actions to have been concluded by a final judgment on the merits. *Comer*, 718 F.3d at 467 (citation omitted). "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). Plaintiff's March 19, 2015, June 22, 2016, June 27, 2016, and August 23, 2016 lawsuits concluded in final judgments on the merits. Judgment (ECF No. 21)[3], *Tyler*, 3:15-cv-1117-N-BK; Judgment (ECF No. 10), *Tyler*, 3:16-cv-1698-L-BF; Judgment (ECF No. 8), *Tyler*, 3:16-cv-1836-G-BF; Judgment (ECF No.

---

[3] While this judgment does not itself state the dismissal is "with prejudice," Judge Godbey accepted the magistrate judge's recommendation that the case be dismissed with prejudice and subsequently entered judgment. FCR 8 (ECF No. 16), *Tyler*, 3:15-cv-1117-N-BK; Order (ECF No. 20), *Tyler*, 3:15-cv-1117-N-BK (N.D. Tex. Sept. 14, 2015); Judgment (ECF No. 21), *Tyler*, 3:15-cv-1117-N-BK.

12), *Tyler*, 3:16-cv-2452-G-BK. In fact, Plaintiff's June 22, 2016 and June 27, 2016 lawsuits were dismissed with prejudice because Plaintiff's claims were barred by res judicata as already litigated in Plaintiff's March 19, 2015 lawsuit. Order (ECF No. 9), *Tyler*, 3:16-cv-1698-L-BF; Order (ECF No. 7), *Tyler*, 3:16-cv-1836-G-BF. Accordingly, the third element is satisfied.

      Last, the fourth element of res judicata requires the same claim or cause of action to have been involved in both the present and prior actions. *Comer*, 718 F.3d at 467 (citation omitted). But the claims asserted need not be identical—"[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown*, 442 U.S. at 131 (citations omitted). As stated, the Fifth Circuit applies the transactional test to determine "whether two suits involve the same claim or cause of action." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing *Petro-Hunt, L.L.C.*, 365 F.3d at 395). This test examines whether "the two cases under consideration are based on 'the same nucleus of operative facts,' . . . rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *Id.* (citing *In re Southmark Corp.*, 163 F.3d at 934; *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)); *accord Houston Pro. Towing Ass'n*, 812 F.3d at 447. Courts are to consider pragmatically which facts constitute a "transaction" or "series," "giving weight to . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Houston Pro. Towing Ass'n*, 812 F.3d at 447 (quoting *Petro-*

13

*Hunt, L.L.C.*, 365 F.3d at 396). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect 'extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Davenport*, 484 F.3d at 326 (internal quotation marks omitted) (citing *Petro-Hunt, L.L.C.*, 365 F.3d at 395). Plaintiff's claims in her March 19, 2015, June 22, 2016, June 27, 2016, and August 23, 2016 lawsuits and the present action are based on the same nucleus of operative facts.

Plaintiff's March 19, 2015, June 22, 2016, June 27, 2016, and August 23, 2016 lawsuits all concerned foreclosure proceedings related to the Property. In her March 19, 2015 suit, Plaintiff brought claims for "(1) predatory lending, (2) mortgage fraud, (3) violations of the [RESPA], (4) robo-signing, and (5) breach of contract," disputing Defendants' ability to foreclose on her home because "the action [was] barred by the statute of limitations and . . . Defendants fraudulently breached the parties' contract and Defendants' duty of good faith and fair dealing." FCR 1-2 (ECF No. 16), *Tyler*, 3:15-cv-1117-N-BK. In her June 22 and June 27, 2016 suits, Plaintiff alleged claims for "harassment, false or misleading representations, unfair practices, illegal attempt to foreclose, deceptive practices, violations of [RESPA], and violations of recommendations made by courts, agencies, and legal institutions." FCR 1 (ECF No. 8), *Tyler*, 3:16-cv-1698-L-BF; FCR 1 (ECF No. 6), *Tyler*, 3:16-cv-1836-G-BF. In her August 23, 2016 lawsuit, Plaintiff claimed that Defendants did not legally own her title or Deed of Trust and requested the "Courts or Judge . . . require them to 'show me the Original note, AND NOT A ZEROX [sic] COPY, AND TO PROVE THIS ORIGINAL IS NOT A MANUFACTURED FRAUDULENT DOCUMENT!" FCR 1 (ECF No. 9), *Tyler*,

14

3:16-cv-2452-G-BK (N.D. Tex. Sept. 13, 2016) (quoting Compl. 1 (ECF No. 3), *Tyler*, 3:16-cv-2452-G-BK). She also asserted "[i]f the bank or Ocwen, a collection agency, can't produce my original mortgage note, title or deed, then, . . . they don't have right [sic] to demand payment . . . [and] foreclose." *Id.* (quoting Br. Supp. Compl. 1 (ECF No. 4), *Tyler*, 3:16-cv-2452-G-BK (N.D. Tex. Aug. 23, 2016)). Now, Plaintiff brings claims against Defendants for "violating the statute of limitations on foreclosure, fraud, violating the Fair Debt Collections Practices Act, and violating the Fair Credit Reporting Act in an attempt to preclude Defendants from exercising their right to foreclose on the Property." Mot. 8; Original Pet. 4, 10, 12.

The Court finds Plaintiff's claims in these four prior lawsuits are based on the same nucleus of operative facts as Plaintiff's claims in the present lawsuit. Plaintiff has already brought fraud, statute-of-limitations, and abusive-collections-practices claims against Defendants. And though the Court has not previously addressed Plaintiff's claims for violations of the Fair Debt Collection Practices Act or the Fair Credit Reporting Act, Plaintiff could have brought these claims in any of her four previous lawsuits. *See Petro-Hunt, L.L.C.*, 365 F.3d at 395 (citations omitted) ("Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."). Accordingly, Plaintiff's present lawsuit concerns the same claims as her previous lawsuits, and the fourth element is satisfied.

Res judicata bars Plaintiff's claims in this lawsuit because Plaintiff has filed at least four previous lawsuits involving identical parties, or parties with whom PHH is in privity, that resulted in a final judgment on the merits, rendered by a court of competent jurisdiction, concerning the same claims. *See Test Masters Educ. Servs.,*

15

*Inc.*, 428 F.3d at 571. And because res judicata bars Plaintiff's claims, Defendants are entitled to dismissal. Therefore, the Court pretermits consideration of Defendants' remaining dismissal arguments.

## Sanctions

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* (citing *Roadway Express, Inc.*, 447 U.S. at 766; *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court may impose a prefiling sanction on a vexatious litigant, if the following factors weigh in favor of doing so:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004)).

16

This is Plaintiff's sixth lawsuit challenging foreclosure proceedings related to the Property. Plaintiff's first lawsuit was dismissed without prejudice as duplicative of a concurrently pending lawsuit, Judgment (ECF No. 21), *Tyler*, 3:15-cv-971-M-BK, and her remaining lawsuits were dismissed on the merits. Judgment (ECF No. 21), *Tyler*, 3:15-cv-1117-N-BK; Judgment (ECF No. 10), *Tyler*, 3:16-cv-1698-L-BF; Judgment (ECF No. 8), *Tyler*, 3:16-cv-1836-G-BF; Judgment (ECF No. 12), *Tyler*, 3:16-cv-2452-G-BK. Plaintiff's claims lack merit, and the Court finds her lawsuits duplicative, harassing, and burdensome to the Court and the parties who must defend against them. Additionally, the Fifth Circuit has already warned Plaintiff "that future frivolous or repetitive filings in [that] court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in [that] court or any court subject to [the Fifth Circuit's] jurisdiction." *Tyler*, 710 F. App'x at 221. However, because Plaintiff has not previously been warned by this Court, the District Court should warn Plaintiff that she could be subject to sanctions, including monetary sanctions and an injunction preventing her from filing additional lawsuits relating to the Property, if she persists in filing duplicative and vexatious lawsuits.

**Recommendation**

The District Court should GRANT Defendants' motion to dismiss (ECF No. 7) on res judicata grounds and DISMISS Plaintiff's claims against them with prejudice. Further, the District Court should WARN Plaintiff that she could be subject to additional sanctions if she persists in filing duplicative and vexatious lawsuits.

**SO RECOMMENDED.**

September 4, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

    The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).